IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *CORTILIUS GAMBLE*, <br>     Plaintiff, <br> <br> *v.* <br> <br> *I.C. SYSTEM, INC.*, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT

Plaintiff Cortilius Gamble, by his counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Debt Collection Practices Act prohibits debt collectors to report that consumers owe debts without disclosing when consumers dispute that they actually owe those debts. In the case at bar, Debt Collector-Defendant I.C. System, Inc. reported to credit reporting agencies that Mr. Cortilius Gamble owed a debt without disclosing that he disputed that he owed that debt. Thus, Defendant I.C. System, Inc. violated the FDCPA.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

### Parties.

3) Plaintiff Cortilius Gamble is a "consumer" as that term is defined in the FDCPA, at 15

U.S.C. § 1692a(3); and Mr. Cortilius Gamble resides within the Eastern Division.

4) Defendant I.C. System Inc. is a "debt collector" as that term is defined in the FDCPA, at 15 U.S.C. §1692a(6). Defendant Defendant I.C. System Inc. is also a corporation incorporated in the State of Minnesota and authorized to transact business in Illinois.

**Factual Allegations.**

5) Previously, Mr. Cortilius Gamble shared an apartment with a roommate and his roommate subscribed to an AT&T telecom account, which the household used.

6) Eventually, Mr. Gamble's roommate became delinquent in his payments on the AT&T account, and Debt Collector-Defendant I.C. System began managing collections on the delinquent AT&T account.

7) Defendant I.C. System contacted Mr. Gamble and sought payment for the AT&T account.

8) However, Mr. Gamble advised Defendant IC System that he was not the subscriber to the account and that, thus, he was not responsible for paying on the account.

9) Despite Mr. Gamble's disputing that he was responsible for the account, Defendant I.C. System still reported to credit reporting agencies that Mr. Gamble owed this debt without noting that Mr. Gamble disputed that he actually owed the debt.

10) When a debt collector reports a debt and notes that the debt is disputed, credit reporting agencies record the dispute in the credit report and do not include the derogatory information in assessing the credit score. Thus, the defendant's decision to report the debt but not the dispute resulted in a much lower credit score for the plaintiff than a report of both the debt and the dispute.

11) Because Defendant I.C. System did not note the debt dispute, credit reporting agencies are still reporting the debt information without reporting that the debt is disputed, resulting in a

much lower credit score.

12) Defendant I.C. System's failure to note that the debt is disputed caused actual injury to Mr. Gamble because the Defendant's failure caused Mr. Gamble to, *inter alia*, suffer an inaccurate credit rating, which caused him to refrain from seeking credit from other sources.

## Cause of Action.

### Count One.

13) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, states that a "debt collector may not use any false, deceptive, or misleading representation." Subsection 1692e(8) specifically prohibits debt collectors from "fail[ing] to communicate that a disputed debt is disputed." "Despite receiving [a dispute], [Defendant] still reported plaintiff['s] debt[ ] to credit reporting agencies without noting that the debt [ ] w[as] disputed. This is a clear violation of the statute." *Evans v. Portfolio*, 889 F.3d 337, 346 (2018).

14) Defendant I.C. System violated Subsection 1692e(8) by reporting Mr. Gamble's debt to credit reporting agencies without noting that the debt was disputed.

## Prayer for Relief.

WHEREFORE, Plaintiff Cortilius Gamble prays that this Court holds a trial by jury and enters judgment in his favor (and against Defendant I.C. System) for his actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a).

        Respectfully submitted,
        Plaintiff's, Cortilius Gamble's, Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494